O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LESA YVONNE JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>THE TJX COMPANIES, INC.; MARSHALLS of CA, LLC; CAROL MEYROWITZ; ANN MCCAULEY; KAREN BROWN; CYNTHIA HOWARD; KIMBERLY ANN DEITZ; GERRIE STEVENS; THE TRIANGULAR SCHEME; DOES 1–10, inclusive<br><br>        Defendant. | Case № 2:14-cv-05858-ODW (MANx)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL EXTENSION TO SERVE DEFENDANTS [58]** |

On February 10, 2015, Plaintiff filed the instant Request for an additional 90 days to serve Defendants. (ECF No. 58. ["Req."]) Because the Court concludes Plaintiff had more than ample time to properly serve Defendants, Plaintiff's request is **DENIED**.

Plaintiff filed her initial Complaint on July 28, 2014—211 days ago. (ECF No. 1.) On September 26, 2014, Plaintiff requested leave to amend to resolve issues

regarding the corporate Defendants' identities. (ECF No. 26.) The Court granted Plaintiff's request for leave to amend (ECF No. 31) and on September 30, 2014 Plaintiff filed her First Amended Complaint—148 days ago. (ECF No. 32.) In its Order granting Plaintiff leave to amend, the Court instructed Plaintiff to serve the Amended Complaint on *all* Defendants "including any Defendants currently in default." (ECF No. 31.) Pursuant to a subsequent Order (ECF No. 56), Plaintiff was required to serve all Defendants by February 9, 2015. (*Id.*) On February 10, 2015, one day *after* the Court's deadline expired, Plaintiff filed the instant Request for an additional 90 days to serve Defendants.

Federal Rules of Civil Procedure 4(m) provides that a defendant must be served within 120 days after the Complaint is filed. Accordingly, those Defendants properly identified in Plaintiff's initial complaint (*i.e.* The TJX Companies Inc. ("TJX Companies") and all individual Defendants), should have been served no later than November 25, 2014. With respect to Defendant Marshalls CA, LLC ("Marshalls"), Plaintiff added Marshalls in her First Amended Complaint, which reset Rule 4(m)'s 120-day deadline, requiring Plaintiff to serve Marshalls by January 28, 2015. *See McGuckin v. United States*, 918 F.2d 811, 812,813 (9th Cir. 1990) (holding that for defendants added by later amendments to the complaint, the 120-day period runs from the date of the amendment, rather than from when the original complaint was filed).

Because Plaintiff failed to timely serve Defendants, Plaintiff must show "good cause for the failure" in order for the Court to again extend the time for service. Fed. R. Civ. P. 4(m). In her request for an additional extension, Plaintiff alleges that Defendants are "hindering service of process" and "deliberately and intentionally evading service of process." (Req. 3–4.) As to the *entity* Defendants, TJX Companies and Marshalls, Plaintiff provides no specific instances of Defendants evading or hindering service. As to the *individual* Defendants, Plaintiff alleges that several of her attempts to serve Defendants at the Lancaster TJ Maxx store were thwarted. (*Id.*at 3.) Plaintiff provides only three specific examples in support of this allegation: (1)

Plaintiff was informed Cynthia Howard was away on leave of absence; (2) Plaintiff was informed that Kimberly Ann Dietz no longer worked for the company; and (3) Plaintiff waited for two hours for Gerrie Stevens to return from lunch. (*Id.*) The Court is unpersuaded that *any* of these examples constitute attempts by Defendants to either evade or hinder service. Therefore, good cause is not established.

Plaintiff also asserts that she established excusable neglect under Federal Rules of Civil Procedure 6(b)(1)(B). (Req. Ex. 2.) The Court does not agree. Plaintiff only alleges that she and her "agent" mistakenly thought the deadline to serve Defendants was February 10, 2015. (*Id.*) The Court finds this insufficient to establish excusable neglect.

For the reasons discussed above, the Court **DENIES** Plaintiff's Request for an additional extension to serve Defendants. (ECF No. 58.) Further, since Plaintiff has failed to properly serve Defendants and comply with the Court's September 30, 2014 Order, the case is **DISMISSED** as to all Defendants without prejudice. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

February 26, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**